## COMMONWEALTH *vs.* BOSTON AND WORCESTER RAILROAD CORPORATION.

An indictment against a railroad corporation under *St.* 1840, *c.* 80, for negligently causing the death of a passenger, is not within Rev. Sts. *c.* 120, § 21, limiting actions and suits for any penalty, or forfeiture to one year after the offence is committed.

The *St.* 1853, *c.* 414, § 3, does not apply to indictments pending at the time of its passage.

The *St.* 1840, *c.* 80, applies to corporations owning and running a railroad, and an indictment thereon need not set out the names of those servants or agents who are guilty of negligence, nor the nature or manner of such negligence, nor the names of the heirs at law of the deceased if it aver their names to be unknown.

THE defendants pleaded *nol. contendere* to the following indictment found at the December term, 1852, upon *St.* 1840, *c.* 80: " The jurors for the commonwealth aforesaid, on their oath present, That the Boston and Worcester Railroad Cor-

poration, a body politic and corporation, duly and legally established in this commonwealth, were, on the sixth day of November, in the year of our Lord one thousand eight hundred and forty seven, the proprietors of a certain railroad leading and extending from Boston, in the county of Suffolk, to Worcester, in the county of Worcester, through the town of Brookline, in the county of Norfolk, called and known by the name of the Boston and Worcester Railroad, and were common carriers of passengers over, upon, and along said railroad, and being such proprietors and common carriers of passengers, did by their agents and servants, on said sixth day of November, at said Brookline, in the county of Norfolk aforesaid, run, conduct, and drive a certain engine and train of cars, in one of which said cars, one Richard W. Mordelia, was then and there a passenger, over, upon, and along said railroad, and by their agents and servants, then and there had the custody, care, and management of said railroad, engine, and cars, and by the gross negligence and carelessness of their said agents and servants, said railroad was suffered to be and then and there was out of repair and defective, and the rails thereof uneven and in a condition unsuitable and dangerous for the passage of engines and cars upon, over, and along the same, and the aforesaid engine and train of cars run, conducted and driven as aforesaid, were then and there, by the gross negligence and carelessness of the said agents and servants, run, conducted, and driven with great unreasonable and improper speed, and in an unsafe and unskilful manner, by means of all which, the aforesaid car in which said Richard W. Mordelia was then and there a passenger as aforesaid, was then and there thrown with great violence from the track of said railroad and broken in pieces, whereby divers injuries, bruises, and wounds were then and there inflicted on the head, body, and limbs of said Richard W. Mordelia, of which said injuries, bruises, and wounds, the said Richard W. Mordelia then and there instantly died. And so the jurors aforesaid, on their oath aforesaid, do say that the life of said Richard W. Mordelia, being a passenger as aforesaid, was then and there lost by reason of the gross negligence and carelessness of the

aforesaid agents and servants of said Boston and Worcester Railroad Corporation, in manner and form aforesaid; the names of which said agents and servants are to the jurors aforesaid unknown; whereby said Boston and Worcester Railroad Corporation have become liable to a fine not exceeding five thousand dollars nor less than five hundred dollars, to be recovered by indictment to the use of the executor or administrator of said deceased person, for the benefit of his widow and heirs; and that Edmond Hamilton, of Boston, in the county of Suffolk, joiner, has been duly appointed, and now is administrator of said Richard W. Mordelia, deceased, and of his goods and estate, and that there is no widow nor any children of said Richard W. Mordelia; and that there are heirs of said Richard W. Mordelia, according to the law regulating the distribution of intestate personal estate among heirs now living, whose names are to the jurors aforesaid unknown; against the peace of said commonwealth, and contrary to the form of the statute in such case made and provided."

The defendants then moved in arrest of judgment: "1st. Because more than one year has elapsed since the commission of the offence (if any) charged in said indictment and prior to the finding thereof, as appears upon the face of said indictment. 2d. Because the defendants are not liable as a corporation, to the penalty of *St.* 1840, *c.* 80, on which said indictment is founded. 3d. Because said indictment is too uncertain and vague, in not setting forth more particularly the manner of the negligence or carelessness of said defendants' agents and servants, nor the names or official occupations or employment of said agents and servants, nor the number of those so guilty of carelessness and negligence, nor whether jointly or separately so guilty. 4th. Because said indictment contains no averment, what heirs, the party killed left at his decease, nor their names." Which motion the presiding judge of the court of common pleas, *Perkins*, J. overruled, and the defendants excepted.

*G. Bemis*, for the defendants.

*E. Wilkinson*, (district attorney,) for the commonwealth.

DEWEY, J. The first inquiry is, whether this prosecution is

barred by any of our statutes of limitation. It is conceded that the acts complained of, and which are the foundation of this indictment, were committed more than five years before the finding of the indictment. If the case shall be found to be within the provisions of Rev. Sts. *c.* 120, § 21, then, as more than one year had elapsed after the offence was committed before the finding of this bill, this statute law applies to the case, and furnishes a good defence. The language of that section is, " all actions and suits for any penalty or forfeiture on any penal statute brought by any person," shall be commenced within one year next after the offence is committed. Does this limitation embrace indictments ? The earlier *St.* of 1788, *c.* 12, limiting actions to recover forfeitures under penal statutes, when the same was given in whole or in part to the person who shall inform or prosecute therefor, to one year, and if prosecuted for the commonwealth, to two years, clearly embraced indictments. It did so in direct terms. But that statute has been repealed, and the one substituted for it confines the limitation to " actions and suits," omitting indictments. It is said, however, on the part of the defendants, that the commissioners who revised the statutes, in their notes upon this chapter, make no suggestion of any intention to change the law of 1788. This is true, but it does not necessarily show that they did not alter it by the language used in the new act. But further; there was a new provision introduced by the commissioners, found in *c.* 136, § 16, to the effect that all indictments, other than for murder, should be found and filed within the period of three years after the commission of the offence. This was a new provision, and would embrace all cases of proceedings by indictment, and it may have been thought that as the time was thus limited generally by this new section, the former special provision as to indictments to recover forfeitures, limiting them to two years, was unnecessary to be reënacted. However this may have been, for some reason, the two years limitation as to indictments to recover forfeitures, was omitted. It is true the legislature in acting upon the report of the commissioners, changed the proposed limitation of indictments from three vears to six, and thereby

made a greater change than had been contemplated. But they did not modify the section proposed as to the cases embraced within the one year's limitation. That limitation was applicable to " all actions and suits," and it seems to us there can be no doubt that the limitation in *c.* 120, § 21, is limited to civil actions and suits, and does not embrace indictments. The earlier statute of 1788 had the term " indictments " among the subjects of limitation, to two years. The Rev. Sts. have no such provision. Wisely, or unwisely, they have omitted indictments in the limitation of one year, and have made no other limitations to indictments than that of six years. Such being the case, the prosecution by indictment was not barred by the Rev. Sts. *c.* 120, § 21.

It is then urged that this indictment is barred by *St.* of 1853, *c.* 414, § 3, enacting that " all indictments against any railroad corporation for loss of life, shall be prosecuted within one year from the injury causing the death." This statute was passed after the present indictment was found. It cannot therefore apply, unless we give to the act a retroactive effect. The court are of opinion that this latter statute applies only to indictments found after its passage. It will be effectual to limit the time for finding future indictments for causes like this, and this, we suppose, is the extent of its effect.

It is, then, further contended, that the corporate body known as the Boston and Worcester Railroad Corporation are not liable to the penalty of the *St.* of 1840, *c.* 80. The language of that statute is, " if the life of any person, being a passenger, shall be lost, by reason of the negligence or carelessness of the proprietor or proprietors of any railroad, steamboat, stage-coach, &c.,"—" such proprietor or proprietors and common carriers, shall be liable to a fine not exceeding five thousand dollars, nor less than five hundred dollars, &c." The term " proprietors," as used here, may not technically describe a corporate body created in the manner and form our railroad corporations are, but we can have no doubt as to the intended meaning, and the effect that ought to be given to it, and that it applies to all common carriers, whether corporate or joint stock companies, the terms used being general, and

embracing common carriers incorporated or not. The case of *Benson* v. *Monson and Brimfield Manufacturing Company*, 9 Met. 562, cited by the defendants, arose under a different statute, and is not opposed to this view of *St.* 1840, *c.* 80.

It is then objected that the indictment is defective, inasmuch as it does not specify the names of the servants and agents of the defendants, alleged to be guilty of gross negligence, and also their particular employment at the time of such negligence, nor the kind of negligence that caused the injury. This objection, we apprehend, cannot avail. The general form of alleging these matters, as used in this indictment, would seem, from the nature of the case, ordinarily the only practical one. The names of the servants and agents may be, and in the present instance it is stated in the indictment were in fact, unknown to the jurors who found the indictment. On the other hand, to the defendants, whose servants they are, their names are well known, or may be easily ascertained through their own superintendents. In civil actions for damages, for injuries thus occasioned by acts of negligence on the part of servants, the declaration does not specify the names of such servants. Nor is it required in criminal pleadings in a case like the present. As to the manner in which the negligence was manifested, or the precise acts of carelessness, to which the injury was attributable, this is set forth with all necessary particularity.

The further objection taken to the indictment is, that it contains no averment of the names of the heirs at law of the person killed. This objection would be a more serious one, if the object of the prosecution were the recovery of a forfeiture to be paid immediately to the heirs at law of the party deceased. But the statute enacts that the fine is to be recovered by indictment to the use of the executor or administrator of the deceased person, for the benefit of his widow and heirs, and if no children or widow " to his heirs according to the law regulating the distribution of intestate personal estate."

This indictment does name the administrator of the estate of the deceased, and, therefore, makes certain the party to whom the fine is to be paid when received by the common-

wealth. The indictment also alleges that there are heirs at law of the deceased, thus removing the objection that the penalty cannot be enforced because there may be no living party to be benefited by the recovery under this indictment. It further adds that the names of such heirs at law are unknown to the jurors finding the bill. By making the provision that the fine is to be recovered to the use of the administrator or executor, in the first instance, the statute seems to have provided all that is requisite as to the description of the party to whom the fine is to be paid. The payment is to be made to the executor or administrator of the estate of the deceased for the benefit of his widow and children, if he leaves such, and in case there be no widow or child, the further question as to the particular individuals who are entitled, as heirs of the deceased, according to the law regulating the distribution of intestate personal estate, is to be settled by the courts of probate, as in other cases. So far as this indictment is concerned, or the appropriation of the fine, it is sufficient that the administrator is named, and that it is alleged that the deceased has left heirs at law.

The result is, therefore, that the exceptions taken to the ruling of the presiding judge, disallowing the motion in arrest of judgment for defects in the indictment, are overruled.

*Judgment for the commonwealth.*